IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:

**Kyoung Ae Ko,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**

## COMPLAINT

COME NOW, Kyoung Ae Ko, by and through counsel, John T. O'Connell and Brett E. Myers, of Lee, Myers & O'Connell, LLP, and file the within Complaint against the United States of America.

### PARTIES

1. Plaintiff Kyoung Ae Ko was and remains a resident of Littleton, Colorado during the relevant times.

2. At all times relevant herein the United States Department of Labor offices in Jefferson County, Colorado, was owned and operated by the United States of America.

3. Because the acts and omissions giving rise to the case at bar were those of a Department of Labor employee for which Defendant United State of America is responsible, Defendant United States of America shall be referred to hereinafter as the "DOL".

### JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court under 28 U.S.C. §1346(b)(1).

5.  Subject matter jurisdiction over the independent Colorado claims for common law negligence is conferred upon this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

6.  Venue is proper in the Federal District Court for the District of Colorado pursuant to 28 U.S.C. §1391(b)(2) because the acts and omissions giving rise to the case at bar occurred in the city and country Denver, Colorado.

## ADMINISTRATIVE PROCEDURES

7.  Plaintiff submitted her initial demand on Standard Form 95 to the Department of Labor on July 21, 2021. The DOL failed "to make final disposition of their claim within six months after it was filed [July 21, 2021]." 28 U.S.C. §. 2675(a).

8.  The demand asked for $84,433 for the personal injury claim and $5,301.41 for the property damage claim.

9.  Plaintiff renews her request for the above amounts to resolve the claim.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates the foregoing and following paragraphs as though fully set out herein.

11. Travis Vincent was an employee of the DOL on September 14, 2020.

12. Mr. Vincent was traveling in a black 2020 Chevrolet Equinox with a license plate number of DPC026.

13. The vehicle Mr. Vincent was driving was owned by the DOL on the date in question.

14. Plaintiff was driving a silver 2010 Lexus RX350.

15. Mr. Vincent was traveling eastbound on W 6th Ave at Federal Blvd in the third lane.

16. Mr. Vincent traveling at approximately 60 mph struck Ms. Ko's vehicle stopped in traffic

eastbound on W 6th Ave at Federal Blvd in the third lane on the date in question.

17. Denver Police Officer Timothy L. Schwindt responded to the motor vehicle crash and investigate it.

18. Officer Schwindt marked severe damage to the front of the Chevrolet Equinox and moderate damage to the rear of the Lexus RX350 as diagramed below:



19. Officer Schwindt determined that Mr. Vincent was 100% at fault for the collision on the date in question.

20. Officer Schwidnt cited Mr. Vincent with following too closely on the date in question.

21. Mr. Vincent was negligent for following too closely on the date in question.

22. Mr. Vincent was negligent for traveling at an unsafe speed for the traffic conditions.

23. Plaintiff suffered neck pain with radiation into both upper extremities and lower back pain with radiation into her lower extremities with paresthesia in the right foot. Imaging of her cervical spine revealed a 5 mm disc herniation at C6-7 and 2.5 mm disc herniation at C5-6 as well as a disc bulge at C4-5. Imaging of her lumbar spine revealed a 3 mm disc herniation at L4-5 and a 2.5 mm disc herniation at L5-S1 with disc bulges at L4 through S1. She was diagnosed with lumbar disc intervertebral disorder with radiculopathy, low back pain, sacroiliitis, muscle spasm of back, cervical disc disorder with radiculopathy, cervicalgia, cervical stenosis of the spine, muscle spasm of the neck.

24. Plaintiff was not negligent on the date in question.

25. Plaintiff was a properly restrained driver on the date in question.

26. Plaintiff has not failed to mitigate her damages.

**CLAIM FOR RELIEF**
(Negligence)

27. Plaintiff incorporates the foregoing and following paragraphs as though fully set out herein.

28. Defendant DOL was acting by and though its employee, Mr. Vincent at and around the time of the motor vehicle incident.

29. Mr. Vincent was acting within his course and scope of his employment for the DOL at and around the time of the motor vehicle incident.

30. Defendant DOL through its employee owed a duty to the public and to the Plaintiff to operate its motor vehicle safely, lawfully, carefully, prudently, and with reasonable care in accord with safe driving rules and regulations.

31. Defendant DOL through its employee breached its duty to operate her vehicle safely, lawfully, carefully, prudently, and with reasonable care, and in accord with safe driving rules and regulations.

32. Defendant DOL through its employee caused the collision by its negligent, careless, unsafe, and reckless operation of its vehicle.

33. Defendant DOL's negligent driving was the sole cause of the collision with Plaintiff.

34. As a direct and proximate result of Defendant DOL's negligence, Plaintiff has suffered substantial physical injuries, as well as past, present, and future pain and suffering.

35. As further direct and proximate result of Defendant DOL's negligence, Plaintiff suffered past

and future economic and non-economic harms and losses, including but not limited to medical bills, physician bills, rehabilitation and therapy bills, medical expenses, disability, impairment, vehicle property damage and other damages and expenses.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against Defendant, United States of America, in an amount that fully and fairly compensates Plaintiff for her economic losses caused by the negligence of Defendant.  These damages include, but are not limited to, personal injuries, and medical and rehabilitative expenses, past, present, and future.  Defendants must also compensate Plaintiff for her non-economic losses which include personal injury, permanent injury, impairment of the quality of life, physical impairment, scarring and disfigurement, inconvenience, pain and suffering, emotional distress, and other past, present, and future non-economic damages, together with interest allowed by law.  Plaintiff further prays that the Court award Plaintiff her costs of this suit, expert witness fees, and for such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 19th day of December 2022.

LEE, MYERS & O'CONNELL, LLP

By: /s/ John T. O'Connell
John T. O'Connell, Reg. No. 42248
2851 S. Parker Road
3rd Floor, Suite 320
Aurora, CO  80014
(303) 632-7172
oconnell@lmoclaw.com

By: /s/Brett E. Myers
Brett E. Myers, Reg. No. 35426

        2851 S. Parker Road
        3rd Floor, Suite 320
        Aurora, CO  80014
        (303) 632-7172
        brettmyers@lmoclaw.com